and that would be People v. Curry-Cristel. And parties are represented by Blue Sun Nam. How did I do on that? Blue Sun Nam. And for the appellant, and we have Sharon Shanahan for the State. You may proceed. May it please the Court, Counsel, Assistant Appellant Defender Un Sun Nam on behalf of Terry Cristel. Although Mr. Cristel's pro se was post conviction petition stated the gist of at least three arguable constitutional claims, the trial court erroneously dismissed this petition at the first stage. His first two claims will be addressed today, and he will rely on the briefs for the third claim. His first claim is that the Counsel had a personal conflict of interest which violated Mr. Cristel's constitutional right to conflict-free counsel. And his second claim is that plea counsel's representation amounted to ineffective assistance of counsel where he specifically stated on the record, that is plea counsel specifically stated on the record, that Mr. Cristel was extended term eligible even though he was actually not. Here the State charged Mr. Cristel with two counts of burglary. At his first court appearance, Mr. Cristel clearly indicated on the record that he wished for appointed counsel. When the court indicated that he would, or the court would appoint the public defender, which ended up being plea counsel, Mr. Cristel immediately said that he could not have him because he had prosecuted him previously. Is there any supporting documentation to support that allegation other than his own statement? Well, the trial court and the State, neither of, yes, the trial court and the State didn't rebut that claim. Plus, at the That doesn't answer the question though. Was there any, did he come up with any documentation, the defendant? No, Your Honor, except at this stage, the first stage of post-conviction petition proceedings, his pro se petition, what he alleges in there must be taken as true unless rebutted by the record. And here, as I was saying, the trial court didn't rebut that. Rather, the trial court stated, well, plea counsel has represented numerous clients or prosecuted numerous people. So there's nothing in the record that actually rebuts his claim. And after telling, after Mr. Cristel told the trial court that plea counsel had prosecuted him before and that he could not have him, that it was a conflict of interest, the trial court ultimately gave him two choices. It was either plea counsel or no one at all. The court added that you can't pick your attorneys. It's not enough for you just not to like him. But that's where the trial court erred. It's not that he's saying he dislikes plea counsel on a personal level or that there was some sort of disagreement. It's that he personally prosecuted Mr. Cristel before. It's a constitutional matter when he alleges a conflict. In addition, at the first appearance, the trial court and the state was put on notice by Mr. Cristel that his 2002 robbery conviction had been vacated and there was no longer a conviction. But that was still the basis of the state asking for an extended term sentence. At his next appearance, because as he previously stated, he was on disability, he couldn't afford an attorney, he ultimately made the choice between plea counsel or no one at all and accepted plea counsel. And he ultimately pled guilty. However, once again at the guilty plea hearing, plea counsel actively told the trial court that this 2002 robbery conviction existed and that he actually looked at Mr. Cristel's criminal history and found that he was extended term eligible. Regarding the pro se post conviction claims, his first claim is that there's a pro se conflict of interest where plea counsel was a prior assistant state's attorney and had personally prosecuted Mr. Cristel. As this court recently recognized in Garcia and our Supreme Court recognized in Fields, there are three categories. The first one is where defense counsel has a prior or contemporaneous relationship or association with a victim, the prosecution, or any entity assisting the prosecution. The second one is where defense counsel contemporaneously represents a prosecution witness. And the third one is where defense counsel was a former prosecutor who had been personally involved in the prosecution of the defendant. The emphasis here is on defense counsel or here plea counsel's status. Both circumstances one and three apply here because for one, plea counsel was previously hired by the state, was an assistant state's attorney employed by the state, and the third one applies because he personally prosecuted Mr. Cristel. The third one is the one that's specifically on point. And taking all the facts in the petition as true, where neither the state, neither the trial court, and even at the guilty plea hearing, the trial court asked Mr. Cristel in front of plea counsel, there was a prior disagreement, did you get over that, did you talk to your attorney about this, plea counsel didn't deny this at that time either. So there's a per se conflict here. However, if this court does not find a per se conflict, as in People v. Patterson from the Second District, Mr. Cristel's case should still be remanded. So even if plea counsel being a prior ASA who personally prosecuted Mr. Cristel, if that's not enough, it should still go back for a second stage proceeding where he can try to allege that he might actually be able to show an actual conflict. The procedure in Patterson is supported by basic post-conviction law, that at the first stage where most clients like Mr. Cristel aren't educated in the law, they aren't represented, the bar should be very, very low. And the standard is just a state of just. Further, if this court still does not find a per se conflict, another reason for remand is based on the trial court's failure to fulfill its duty under Holloway v. Arkansas. That's where the trial court has to engage in a minimal inquiry as to Mr. Cristel's allegations of this conflict of interest. A defendant's claim, however inarticulate, stating that there is a conflict or a potential conflict, that's sufficient without further factual substantiation by the defendant to require an inquiry from the trial court as to whether this particular or potential conflict exists. Here, the record shows that on two occasions the trial court didn't even acknowledge that this was a conflict or a potential conflict issue. The court at the first appearance said, I think towards the end, that just because you don't like your attorney, that doesn't mean you can pick your attorney, that's not enough. At the guilty plea hearing, again, the court calls this a disagreement, not a conflict of interest or a potential conflict. If this court can imagine here, Mr. Cristel's claiming that plea counsel at one time was the face of the state. And as the state, he prosecuted, he actively came for Mr. Cristel, came after Mr. Cristel. So regardless of whether plea counsel won and, you know, achieved a conviction or got, obtained a conviction out of this or not, the fact that Mr. Cristel knew right away, as soon as the name was mentioned by the trial court that he had, that plea counsel had previously prosecuted him, this was enough. This triggered that duty for the trial court. And if this court reads the record, the trial court on numerous occasions interrupts Mr. Cristel. Every time Mr. Cristel's trying to explain something, the trial court interrupts, tells him, you know, your thoughts are not relevant, what you think is irrelevant is what I think. And thus, we argue that the trial court did fail to fulfill its duty under public versus personal. For the second claim, Mr. Cristel alleged that he stated the gist of a constitutional claim because of that 2002 robbery conviction that was vacated. How was he harmed, though? I mean, the case that you talk about, the people versus Brown, was much different because the defendant received a greater than anticipated sentence. Here, he received the minimum sentence. That's correct, Your Honor, but he gave up his right to a trial by jury, right? So he went, he pled guilty on the basis of plea counsel's, I guess, belief that he was extended term eligible. By being extended term eligible, he had up to 14 years at risk rather than seven. And here, he gave up that constitutional right to go to trial because, as stated explicitly on the record, plea counsel was mistakenly under the impression that he had this 2002 robbery conviction. But you don't really argue that, that he would have gone to trial. Well, that was in his petition, and I believe the briefs do actually state that. That was in his petition? His petition, yes. Go ahead. His petition stated, I think, in two places that his case would have been different if he had gone to trial and that he would have been acquitted if he had gone to trial. Okay, you'll have the opportunity to rebut. Thank you. Ms. Shanahan. May it please the court, counsel, my name is Sharon Shanahan, and I represent the people of the state of Illinois. Why is this not a per se conflict? Well, I heard nothing whatsoever in the argument presented to this court today about the Supreme Court's repeated definition of what a per se conflict is and says that there has to be, it has to be the same case. She's quoting fields as indicating that it could be a prior prosecution. There is, that case does not say that it has to be, that it can be any case. Okay. Defendant does not cite a single case that actually says anything that contradicts People v. Franklin. In fact, that case is good law, it's never been criticized, and it says there is a crucial difference between People v. Kester, which was an earlier Supreme Court case, finding a per se conflict, and a case where it's, in other words, Kester was in the same criminal proceeding, and that this, excuse me, the Supreme Court says that's a crucial difference, that is their words, between a case where the defense counsel has been involved in any, in the same proceeding. It could have been a motion practice in the same case, but Franklin says there's a crucial difference between that and a case where the defense counsel has been an assistant state's attorney in another case. We have to consider the effect that defendant's definition of a per se conflict would have, given the fact that ASAs are always becoming public defenders, and public defenders are always becoming ASAs. The Supreme Court went on to note in 1994 in People v. Lawson, they consider those factors that defense counsel continues to say this is why it's a per se conflict. In Lawson, they considered those factors, but they went on to say that, and they went on to distinguish other specific Supreme Court cases in that, one, there is salient respect. The attorneys in those cases did not personally serve in the same criminal proceeding. That's the distinction that the Supreme Court has made in these cases. If defense counsel has served in any aspect of the same case, then they cannot serve as defense counsel. I would also like to address your question, Justice Moore, about documentation. There is nothing to document this case or this claim. Is it their burden, the defendant's burden at this juncture, though? This is a first-stage post-conviction petition, and 725 ILCS 5-122-2 requires the defendant in a first-stage petition to provide affidavits, records, or other evidence to support the allegation or explain their absence. Now, it wouldn't have taken much. This is a section of the Act that is being interpreted with more leniency. They're saying, well, it's not an official affidavit, but you can tell what it was there. So it's getting easier to do. But this defendant did nothing. Did he have a conflict? He could, I believe, if he had presented any pleading in a prior case where Mr. Freeman was counsel for the state and he was the defendant. I think anything like that would have done. I think even an affidavit from him saying Mr. Freeman represented me in people versus crystal 12 CF, you know, whatever. Anything. But there's nothing. There's only this initial claim that he was, that Mr. Freeman had represented him. So I think he's failed on that aspect, too. And so I don't think that even that has any, he fails in that aspect, too. And so I don't think he can even move forward with that on the basis of that. There's a lot where a defendant, I'm quoting from the defendant's brief that says, the record clearly shows the defendant wanted to be represented by plea counsel and only when faced with the impossible choice of continuing with plea counsel or representing himself did he succumb to plea counsel's representation. When you look at the record itself, the defendant said that Mr. Freeman had prosecuted him. The trial court said what was the case? Well, he didn't remember. It was a while ago. Did you have a question? Actually, I think you're going to run out of time before we get to the other issue, which I kind of consider maybe more. The crucial robbery case? Yes, with respect to him foregoing his chance to go to trial instead of plea. As you noted, he never says that he would have gone to trial. And I think that's an important aspect right there. And I noted that in our brief. The question raised is whether a trial counsel exercised reasonable diligence in investigating the defendant's robbery case. The defendant knew that his attorney had just gotten significant discovery 30 minutes before. The trial court asked him, has he gone over the police reports and all of that with you? And the defendant says, he just got it today. Mr. Freeman says, I just got it today about half an hour ago. I've told him I've gone over it. I told him I thought it initially contained what the state's offer and then what our offer, our counteroffer wants to take it. He's been through the system, so it's really his decision. The trial court says, Mr. Crystal, do you understand you don't have to do this today? Mr. Crystal says, yes, sir. And then after admonishing him, the trial court says, are you sure you want to do this? Yes, sir. Understand now, Mr. Freeman is saying that he just got these police reports today. So he's not had a lot of time to do much investigation on this. Do you understand? Yes, sir. Are you comfortable with this? Yes, I am. So are you saying that it's his duty to basically know the law? Are you saying that there was no way for the attorney to really know at that juncture whether or not he was in fact subject to extended sentencing? I'm saying no. When he, as a career criminal, was offered a plea, well, close to it, was offered a plea of the absolute positive minimum, not extended, just the lowest sentence he could get. And he talks to his attorney, and his attorney says, you know what, you just got this discovery. But I think that you're looking at an extended term. That's what he tells him, right? I think he told the court that he was barely eligible for an extended sentence. Well, barely eligible. Yes, right. I mean, that's the difference between 7 and 14, so that's a big difference. But given the fact that the state had pictures of the stolen... Can we consider that? But it doesn't appear that there's really any way for him to get out of the... I think when he took... Get off. Got clean. I think we would take the conversation that defense counsel had with defendant, who, as the trial court noted, was an experienced litigant. And with that, I mean, we don't know everything that defense counsel and defendant said to each other. They obviously had conferred. Not all of what they said to each other is in the record. And it wouldn't be. It's a private conference between the defendant and his attorney. And the basic essence of it is when you have someone like this that's really got a lot to lose, you go to trial, it wouldn't be extended. I mean, it would be extended. And I do note that the court did say if you are subject. Correct. No one said he was. They just said if you are. And I think, quite honestly, I think he knew he had a really good deal and decided to take it. Okay. Thank you for your argument. You have the opportunity to rebut at this time. Anna, I'd like to start with the state saying no one said that he was extended term eligible except plea counsel. Plea counsel states on the record he's barely extended term eligible, but he is. He's not class X. He said something about being class X sentenced or a class X case. But he does say barely, but he is extended term eligible. And we can assume that that's kind of what happens in this private conversation between Mr. Kristol and plea counsel. So Mr. Kristol pleads guilty based on the advice of plea counsel. And plea counsel does say on the record, I just got the police report. I just got that 30 minutes ago. I told Mr. Kristol I looked at it. I told him the state's offer. I told him our counteroffer. And he decided to take it. So there was some advice here. But there's nothing in the police report, nothing in what he's reviewing that shows that it was vacated, correct? Well, Your Honor, we don't know that. What Mr. Freeman, plea counsel says is he looked at the criminal history. And based on the criminal history, if you look on the page. Well, how could you determine that? That's not in the record? That would not be in the record, the criminal history? Well, that would not be in the record. But an attorney who is advising his client to plead needs to do that. That's the basics, right? To go through the criminal history to make sure if the state is alleging that this is extended term eligible, if the information says that it's extended term eligible. So plea counsel may notice. But if it's not in what he had to review within, I don't know, 20 minutes or something, and the client is urging him, I want you to plead now, plead for me now, and the court is saying to the defendant, you know, you don't have to plead today. You can take your time and decide. And he said, no, I want to do it now. Then what? Well, Your Honor, that's speculation, right? We don't know what happened behind the scenes. We don't know if Mr. Crystal was telling plea counsel, hey, please plead for me, or please, you know, let me plead guilty. We don't know if that's exactly what happened. All we know is. . . No, that's what was on the record. I'm just trying to summarize. That wasn't exactly on the record where he said that Mr. Crystal was asking to plead, you know, without advice of counsel. No, the court asked him specifically on the record and told him, you don't have to do it now because. . . Oh, that's correct. . . . . you just got the criminal, your past. That's correct, Your Honor. And he suggests, I want to go ahead, I want to do it today. That's correct, but once again, we're at a loss of what exactly happened with plea counsel and Mr. Crystal to get into that point. And just touching on what could have been evidence if he did go to trial, there was a video of him, there was a camera that showed him taking with the stolen objects, correct? Well, we don't have any of the actual evidence. I think there's a probable cause arrest report or something like that that was attached to the information that stated that there might be photos from some of the witnesses, but we don't have that. Okay. And I just want to clarify, the state said that there's nothing on the record that he would have gone to trial. If you look at page 59 of the common law record, that's the last page of his post-conviction petition, it says in F that had his constitutional rights not been prejudiced or violated, that the outcome of the proceedings would have been different. And also on the same page, it says that if taken to trial, petitioner would have won an acquittal if counsel had been effective. So that's C59, that's the common law record, his post-conviction petition. I also want to touch on the documentation, affidavit, relevant documents. Mr. Crystal did the best he could. He put an affidavit for the 2002 robbery conviction being vacated, and he put a copy of his transcripts, right? The transcripts of his post-conviction petition exactly depict what we depict on appeal. The issues that he found, the facts that he found were relevant to his post-conviction petition. So we allege that at the first stage he has done his duty, attached what he could and had at his disposal. What about Ms. Shanahan's argument that he could have had some documentation, even if it was his own affidavit, about the prior prosecution by Mr. Freeman? I mean, yes, he could have put his affidavit on there, but he put his transcripts on there. His transcripts? In terms of him telling the trial court that there was a conflict of interest. Okay. I don't know if you heard, but we're out of time, and I appreciate both of you. I'm going to do some briefs, and we'll keep this matter under advisement. Thank you.